JOSEPH SCHOTT V. CARL WEHNER ET AL.

COSTS OF APPEAL FROM JUSTICE'S JUDGMENT ASSESSED ON PLAINTIFF APPEALING FROM ERRONEOUS ASSESSMENT OF COSTS ON HIM IN MAGISTRATE'S COURT, WHEN.

The assessment of costs by a justice against a successful plaintiff is erroneous in the absence of evidence of a tender or offer to confess judgment on the part of the defendant; and a reviewing court will enter judgment in favor of plaintiff for the amount due with his costs in the magistrate's court, but will, under the provisions of Rev. Stat. 6591 (Lan. 10173), assess on him the costs incurred in prosecuting the appeal.

ERROR to Hamilton common pleas court.

**Powell & Smiley,** for plaintiff in error.

**Reemelin & Hosbrook,** for defendant in error.

## PER CURIAM.

Inasmuch as there was never a sufficient legal tender nor any offer to confess judgment, the magistrate erred in assessing the costs against the plaintiff. He had no discretion in the matter, and the costs, as of course, followed the judgment in the absence of tender duly and legally made, or at offer to confess judgment. This being so, the plaintiff had two ways open to him of securing his rights, either by appeal or proceedings in error.

If he took an appeal, he did so in the face of Rev. Stat. 6591 (Lan. 10173), as he could not hope to recover a judgment greater in amount than that for which judgment was rendered, besides the costs and the interest accruing thereon. This being so, the court of common pleas was bound to charge the costs on appeal to the plaintiff. As the answer set up in the pleadings on appeal discloses neither a tender nor an offer to confess judgment, this being an action for money only, the plaintiff was entitled as of course under Rev. Stat. 5348 (Lan. 8874), to recover all costs properly incurred. The proper judgment for the court of common pleas to have entered herein was a judgment in favor of the plaintiff for the amount of the check, charging plaintiff with the costs incurred in prosecuting the appeal and awarding to plaintiff all of his costs incurred in the magistrate's court. This matter is controlled entirely by statute, and there was no room for the exercise of discretion. The court of common pleas erred, and the judgment will be reversed, and cause remanded with instructions to the court of common pleas to enter up judgment as above indicated.